UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRON COSMO CURRY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C09-0288 RSM

ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

This matter comes before the Court on Petitioner's "Motion for Certificate of Appealability" (Dkt. #19). Petitioner pleaded guilty to attempted possession of oxycodone with intent to distribute and carrying a firearm during and in relation to a drug trafficking crime. He filed a federal habeas petition with this Court requesting that his sentence be set aside because Petitioner was allegedly denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, Petitioner claimed that his counsel gave him misinformation regarding his possible sentence and was ineffective at the sentencing because he did not advocate for a base offense level of six instead of 36. This Court adopted Magistrate Judge Donohue's Report and Recommendation, which dismissed Petitioner's claims. (Dkt. #15). Petitioner now requests that this Court issue a certificate of appealability ("COA").

ORDER
PAGE - 1

A final order in a proceeding under 28 U.S.C. § 2255 may not be appealed unless the Court issues a COA. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (internal quotations and citations omitted).

Petitioner's claims are not fairly debatable. Since the Report and Recommendation already discussed each of Petitioner's contentions in detail, presently the Court will only briefly outline why Petitioner has not made a substantial showing of the denial of a constitutional right.

To make out a case for ineffective assistance of counsel, Petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's error the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner first claims that his counsel inaccurately advised him that he faced a life sentence when in fact the maximum penalty was twenty years. First, Petitioner's counsel denied this contention in his declaration. Secondly, any alleged error on counsel's part could not have contributed to Petitioner's guilty plea because Petitioner was repeatedly informed of the correct penalty for his offense. The record shows that Magistrate Judge Arnold advised Petitioner of the correct statutory maximum penalty twice in open court: at Petitioner's arraignment and at the change of plea hearing. Additionally, the plea agreement that Petitioner signed correctly states the statutory maximum.

The same analysis applies to Petitioner's claim that his counsel incorrectly predicted his likely sentence. Counsel denied that such a prediction was ever made and in any case Petitioner affirmed in open court that he understood there was no guarantee regarding the sentence that would ultimately be imposed.

Finally, Petitioner claims that his counsel should have argued for a base offense level of six instead of 36 because the undercover agent delivered placebo pills containing zero grams of oxycodone. As explained in the adopted Report and Recommendation, it would have been futile for counsel to present such an argument at sentencing because (1) Petitioner stipulated to a base offense level of 36 in his plea agreement, and (2) the law is well settled that the base offense level in reverse sting cases is determined by the amount of contraband the buyer and seller agree upon, not the amount actually delivered. *United States v. Mkhsian*, 5 F.3d 1306, 1313 (9th Cir. 1993); U.S.S.G. § 2D1.1 App. Note 12.

Accordingly, there is no room for debate regarding whether Petitioner's constitutional right to effective assistance of counsel was violated. Petitioner's motion is DENIED.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's "Motion for Certificate of Appealability" (Dkt. #19) is DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 8 day of December, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE